# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EDNA M. VALENTINE,**

        **Plaintiff,**

**-vs-**                                             **Case No.  6:04-cv-1397-Orl-19JGG**

**DONALD H. RUMSFELD,**

        **Defendant.**

___

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration after a hearing on the following motion:

> **MOTION:** **MOTION FOR RULE 11 SANCTIONS (Docket No. 21)**
>
> **FILED:** **February 22, 2005**
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

## I. Background

On September 21, 2004, the Plaintiff, Edna M. Valentine ("Valentine"), filed a complaint [Docket No. 1] alleging retaliatory discrimination. Paragraph eight of the complaint listed twenty-three individual acts of retaliation allegedly perpetrated by employees or agents of the Defendant, Donald H. Rumsfeld ("Rumsfeld"), in his capacity as Secretary of Defense. The complaint was signed by Valentine's legal counsel, Alberto Lugo-Janer ("Lugo-Janer").

On December 7, 2004, Rumsfeld moved to dismiss the complaint or to obtain a more definite statement. Docket No. 10. Valentine filed both a memorandum in opposition [Docket No. 12] and an amended memorandum in opposition [Docket No. 13]. Lugo-Janer signed both responses. On January 10, 2005, the Honorable Patricia C. Fawsett denied the motion to dismiss. Docket No. 15. Rumsfeld answered the complaint on January 20, 2005. Docket No. 16.

On February 22, 2005, Rumsfeld filed a motion for Rule 11 sanctions against Lugo-Janer, asserting that the complaint made factual contentions that 1.) lacked evidentiary support, and 2.) were not likely to have evidentiary support after a reasonable opportunity for further investigation. Docket No. 21. On February 23, 2005, Judge Fawsett referred the motion to the undersigned for a report and recommendation. Docket No. 22.

## II.   The Law

An attorney who presents to the Court any paper, motion, or pleading, certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that there is "evidentiary support" for any allegations or factual contentions. Fed.R.Civ.P. 11 (b)(3). Rule 11 sanctions are proper:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose.

*Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (*quoting Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995).

In deciding the propriety of Rule 11 sanctions, a Court first determines whether the party's claims are objectively frivolous and then, if so, whether the signatory to the pleading should have been

aware that they were frivolous — whether he would have been aware of the frivolousness if he had made a reasonable inquiry. *Worldwide Primates*, 87 F.3d at 1254; *Jones*, 49 F.3d at 695. Relevant factors into the reasonableness of the inquiry include: how much time was available for investigation; whether reliance upon representations of the client was necessary; whether the paper was based upon a plausible view of the law; and the extent to which factual development requires discovery. *Jones*, 49 F.3d at 695. Because Rule 11 is violated only if the paper is "signed in violation of this rule," the Court's inquiry focuses only on the merits of the pleading from facts known or available to the attorney at the time of filing. *Jones*, 49 F.3d at 694 - 95 (*citing Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1507, 1508 (11th Cir. 1993)).

### III.  Application

Rumsfeld argues that Valentine's attorney, Lugo-Janer, violated Rule 11 by presenting and signing a pleading — the complaint — that had no reasonable evidentiary basis. Specifically, Rumsfeld points to twenty-three factual contentions listed in paragraph eight of the complaint. The contentions accuse various unnamed "managerial, administrative and supervisory personnel" employed by Rumsfeld of, *inter alia*, tampering with Valentine's computers, interfering with her physicians, wiretapping her telephones, interfering with law enforcement agencies, installing eavesdropping and surveillance devices in Valentine's home, intercepting her mail, breaking into her residence, causing Sheriff's deputies to "Baker-Act" Valentine, tampering with telephones of her relatives, and interfering with veterinarians attending to Valentine's dogs. Rumsfeld contends that these allegations lack evidentiary support and are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. As a sanction, Rumsfeld seeks dismissal

of the complaint, an award of attorney's fees, and disgorgement (to Valentine) of the remainder of Lugo-Janer's retainer.

In support of his argument, Rumsfeld relies upon the transcript of an earlier EEOC hearing before the Honorable Mary Jo Mosca, Administrative Law Judge, and Judge Mosca's bench ruling, both of which are attached to Rumsfeld's motion for Rule 11 sanctions. At the hearing before Judge Mosca, both Valentine and Rumsfeld called witnesses to testify. Afterward, Judge Mosca issued a bench decision finding that Valentine had produced almost no evidentiary support for her factual contentions, and had not produced any evidence linking Rumsfeld or employees of the Department of Defense to any of the alleged harassing conduct. Many of the allegations Valentine made during the EEOC process are made in the complaint in this case. Rumsfeld also relies on concessions by Lugo-Janer.

At the hearing on the Rule 11 motion, Lugo-Janer argued that he had not violated Rule 11 because he had reasonably relied upon representations made by his client, and because he had had an unreasonably short time to conduct an investigation of the allegations.[1] Lugo-Janer conceded, however, that he had no evidentiary support to link any of the twenty-three events alleged in paragraph eight of the complaint to any employee or agent of the Department of Defense.

After reviewing the evidence, the Court finds that the contentions made in paragraph eight of the complaint are objectively frivolous. Also, at the time of the filing of the complaint, there was no evidence linking any of the allegations to any Department of Defense agent or employee. Applying the standards articulated in *Worldwide Primates, Inc. v. McGreal*, reasonable counsel would have been

---

[1] After the EEOC issued its "right to sue" letter in her case, Valentine had only 90 days in which to file suit.

aware of the frivolousness of the contentions made in paragraph eight of the complaint after reasonable inquiry. Further discovery will not produce evidentiary support for the factual contentions made in paragraph eight of the complaint. During the hearing, Lugo-Janer could not inform the court of any information suggesting that the Department of Defense was connected to the allegations made in the complaint, or suggesting that further discovery would reasonably be expected to reveal evidence of such a connection.

Although the Court finds a violation of Rule 11, Lugo-Janer was not motivated by an improper purpose. Rather, he intended to assist his client. Furthermore, Lugo-Janer believed that Valentine was unlikely to be able to retain substitute counsel within the 90-day filing window, and that his decision not to file the complaint therefore might lead to a claim of legal malpractice.

**IV.    Conclusion**

For the foregoing reasons, it is **RECOMMENDED** that the Defendant's motion for Rule 11 sanctions [Docket No. 21] be **GRANTED** in part, and **DENIED** in part. It is

**FURTHER RECOMMENDED** that the complaint be dismissed with prejudice as lacking evidentiary support for the factual contentions made therein. It is

**FURTHER RECOMMENDED** that the Defendant's request for monetary sanctions in the form of attorney fees and disgorgement be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 5, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett
Counsel of Record
Unrepresented Party
Courtroom Deputy